IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                             AT MARTINSBURG

STEPHEN C. PEIRSEL,

        Plaintiff,
v.                             Civil Action Number 3:06-cv-06
                                       (JUDGE KEELEY)

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.


## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled matter came before the Court for consideration of Magistrate Judge John S. Kaull's Report and Recommendation, filed on January 9, 2007. On January 19, 2007, the Plaintiff filed his Appeal of Magistrate Judge's Decision, raising objections to the Report and Recommendation. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby ORDERED adopted. Stephen Peirsel, the Plaintiff in this matter raises four objections to the Magistrate Judge's Report and Recommendation. Peirsel argues that: 1) Dr. Opdyke should have been

considered a treating physician; 2) The Magistrate Judge's interpretation of <u>Wooldridge v Bowen</u>,[1] is incorrect; 3) the Appeals Council did not properly consider new evidence; and 4) the Magistrate Judge reviewed of the Administrative Law Judge's decision improperly.

Peirsel first argues that Dr. Opdyke should have been considered a treating physician. The standard defining "a treating physician" is defined in 20 C.F.R. 404.1502. The standard requires an ongoing treatment relationship between the physician and patient. An ongoing relationship is a relationship based on the patient's medical need for treatment, with a frequency consistent with accepted medical practice for the type of treatment or evaluation required for the patient's medical condition.

Dr. Opdyke is not a treating physician under 20 C.F.R. 404.1502, because Peirsel did not have an ongoing treatment relationship with Dr. Opdyke. The record of Dr. Opdyke's treatment of Peirsel consists of one evaluation and a "Comments" form. In the January 22, 2003, record, Dr. Opdyke noted that she had seen Mr. Peirsel "intermittently" from July 30, 2002, through September 10, 2002. There are no additional records of Dr. Opdyke

---

[1] <u>Wooldridge v Bowen</u>, 816 F.2d 157 (4th Cir. 1987).

treating the Plaintiff. The record contains more extensive progress notes from Peirsel's treating physicians (Dr. Hyun K. Lee, Dr. Alina D. Vrinceanu, Dr. Ami Patel, and Dr. George Roy), however none of these physicians offered retrospective opinions.

Peirsel's second argument is that the Magistrate Judge' misinterpreted Wooldridge v Bowen.[2] The Fourth Circuit's holding in Wooldridge is that, "medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability."[3] The court's decision favored a merits based evaluation of retrospective medical opinion, reversing a district court decision that excluded such opinions as hearsay under formal rules of evidence.

Peirsel asserts that the Magistrate Judge interpreted Wooldridge to mean that, "the ALJ did not have to consider . . . retrospective medical opinions [of non-treating physicians]."[4] Although the source of the Plaintiff's characterization in the Report and Recommendation is unclear, the record shows that the ALJ

---

[2] Wooldridge v Bowen, 816 F.2d 157 (4th Cir. 1987).

[3] Id. at 160.

[4] Plaintiff's Objections, Document No. 15, page 1.

3

did consider and evaluate the non-treating physician's retrospective opinions properly. The ALJ evaluated the retrospective opinions and gave them weight based on their merits. The ALJ assessed the quality of explanations supporting the non-treating physicians' retrospective opinions and the support for those explanations in the record.[5]

Plaintiff's third objection is part of two nested arguments listed as argument three in the Objections. Specifically, the Plaintiff argues that the Appeals Council committed a procedural error by failing to specify a detailed basis for its decision to deny the request for review of this case.

The Plaintiff originally cited the district court opinion in Alexander v. Apfel, for the proposition that the Appeals Council must give reasons why interim evidence does not justify further administrative action[6] In light of the contrary unpublished Fourth Circuit holding in Hollar v. Commissioner of Social Security,[7] and

---

[5]Administrative Record, pages 18-19; Report and Recommendation, Document No. 14, page 28.

[6]Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D Va. 1998).

[7]Hollar v. Commissioner of Social Security, 194 F.3d 1304 (4th Cir. 1999).

the subsequent district court's opposing view in Ridings v. Apfel,[8] the Court finds that the Appeals Council does not have to specify its reasons for denying review. Accordingly, the Appeals Council's order denying review of the case was adequate because it noted Plaintiff's objections to the ALJ's decision and the additional evidence.

Plaintiff's fourth argument suggests that the Magistrate Judge improperly reviewed the ALJ's decision. The Court applies the standard of review articulated on page 19, of the Magistrate Judge's Report and Recommendation. The standard of review is applied to the full administrative record, including the new evidence of treatment notes from the Mount Kemble Center.

The Magistrate Judge's Report and Recommendation indicates that, "[t]he undersigned must now consider if the [new] evidence in question would have changed the decision of the ALJ."[9] The Magistrate Judge then reviewed the new information and additional information on the record for that time period. The Plaintiff was in fact working during the time he was being counseled at the Mount Kemble Center, providing substantial evidence that the Plaintiff's

---

[8] Ridings v. Apfel, 76 F. Supp. 2d 707 (W.D. Va. 1999).

[9] Report and Recommendation, Document No. 14, page 34.

5

Post Traumatic Stress Disorder was not a severe impairment prior to his Date of Last Insurance (DLI). Therefore, although, the quoted section misstates the standard of review, the Magistrate Judge's subsequent review and this Court's examination of the record do show that the ALJ's decision was supported by substantial evidence.

The Court, therefore, ORDERS that the Defendant's Motion for Summary Judgment[10] be GRANTED. The Court ORDERS that Plaintiff's Motion for Summary Judgment,[11] be DENIED. It is further ORDERED that this action be DISMISSED WITH PREJUDICE based on the reasons set forth in this Order and for those in the Magistrate Judge's Report and Recommendation, and STRICKEN from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED** this 28th day of March 2007.

/s/ Irene M. Keeley
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

---

[10] Document No. 11.

[11] Document No. 10.